468

PEDRO D'AZIZI, Plaintiff and Appellee, *v.* ENRIQUE ALCARAZ, Defendant and Appellant.

No. 4966.   Argued January 23, 1930.—Decided January 31, 1930.

*Angel A. Vázquez,* for appellant.   *A. R. de Jesús,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Sections 1387 and 1389, in part, and section 1393 of the Civil Code read as follows:

"Section 1387.   The vendor is bound to give a warranty against hidden defects which the thing sold may have should they render it unfit for the use to which it was destined, or if they should diminish said use in such manner that had the vendee had knowledge thereof he would not have acquired it or would have given a lower price for it; . . . ."

"Section 1389.   In the cases of the two preceding sections the vendee may choose between withdrawing from the contract, the expenses which he may have incurred being returned to him, or demanding a proportional reduction of the price, according to the judgment of experts. . . ."

"Section 1393.   Actions arising from the provision of the five preceding sections shall be extinguished after six months, counted from the delivery of the thing sold."

Defendant appeals from an adverse judgment in an action brought under the first two of these sections, for a proportionate reduction in the purchase price of a house and lot. He submits that the court below erred in overruling a demurrer based upon section 1393, *supra,* in overruling a demurrer for want of facts sufficient to constitute a cause of action, and in rendering a judgment which is unsupported by the evidence.

An amended answer filed a month before the date of the trial is prefaced by a demurrer which specifies the two grounds indicated in the assignment of errors. There is nothing to show that the matter was brought to the attention of the district judge at any time before the case was called for trial, or that the demurrer for want of facts sufficient to constitute a cause of action was overruled. The stenographic record recites that after the parties had announced that they were ready for trial the demurrer contained in the answer was discussed, but the only question passed upon by the court was the question of limitation.

The contention of appellant, as to want of facts sufficient to constitute a cause of action is that the complaint does not specify the use to which the house and lot was destined nor allege that the defects in question rendered the property unfit for such use. These omitted facts, in so far as they do not appear by a fair inference from other averments, were supplied by the evidence.

The deed of conveyance was executed on October 5, 1926. The complaint was filed on April 5, 1927.

As to the question of limitation, the ruling of the court below was based on section 388 of the Political Code, which provides that:

"The time in which an act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded."

We find no conflict between this section of the Political Code and section 1393 of the Civil Code, invoked by appellant as requiring that the day of delivery be included in computing the time. Aside from any question of hours as distinguished from days, the rule which excludes the first day and includes the last is merely a rule of reason and common sense. Even in the absence of any legislative enactment excluding the first day, to include that day would be to count from the preceding day, not "from the delivery of the thing sold". If time is to be counted "from the delivery of the thing sold", certainly so much of the day of delivery as may have preceded the moment of delivery can not be counted. Neither the hour of delivery of the thing sold nor the hour of filing appears on the face of the complaint.

The contention that the judgment is not supported by the evidence is equally without merit.

The judgment appealed from must be affirmed.